UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARIO FIGUEREDO,

    Plaintiff,

vs.

WORLDWIDE PRIMATES, INC.
and IRA BLOCK,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARIO FIGUEREDO ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, WORLDWIDE PRIMATES, INC. and IRA BLOCK("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to The Florida Minimum Wage Act (FMWA); and The Fair Labor Standards Act (FLSA), to redress injuries resulting from Defendant's unlawful treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. Plaintiff was an employee of Worldwide from November 1, 2018, to August 23, 2022, as a Husbandry worker.

6. Between November of 2018 and October of 2021, Mr. Figueredo used to work approximately one hundred sixty (160) hours per week

7. From that amount, Mr. Figueredo was only paid for seventy-five (75) hours, and the company did not compensate Mr. Figueredo as required by the FLSA for the rest of the eighty-five (85) hours

8. Mr. Figueredo did not receive the lawful one-and-one-half of his regular rate required by the FLSA for overtime hours worked each week.

9. Furthermore, Mr. Figueredo was paid improperly for fifteen hours of work he performed per week and additionally did not receive any compensation at all for about seventy (70) overtime hours per week.

10. Mr. Figueredo used to work seven days per week, from 6:00 AM to 5:00 PM, taking care of the monkeys.

11. Later, after 5:00 P.M., Mr. Figueredo used to take the baby monkeys to his house and continued to take care of them all night.

12. During the night, Mr. Figueredo had to feed them and give them some medicines at specific intervals throughout the night.

13. Baby monkeys require round the clock care when they are newborns much like human newborns.

14. Plaintiff was not paid the proper Florida minimum wage, nor the proper overtime as provided by law.

## COUNT I
*Wage & Hour Federal Statutory Violation against WORLDWIDE PRIMATES, INC..*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

17. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve

those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

- A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
- B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;
- C. Award Plaintiffs an equal amount in double damages/liquidated damages;
- D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and
- a. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*FMWA Violation against WORLDWIDE PRIMATES, INC.*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

23. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA.

24. Defendant's business activities involve those to which the FMWA applies.

25. Plaintiff is a working Floridian entitled to the protections of the FMWA.

26. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

28.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA and FMWA apply.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

29. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint.

30. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Wage & Hour Federal Statutory Violation against Ira Block*

31. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

32. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant WORLDWIDE PRIMATES, INC.

33. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including

Plaintiffs.

34. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

35. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*FMWA Violation against Ira Block*

36. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

37. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant WORLDWIDE PRIMATES, INC.

38. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and the Florida Minimum Wage Act, in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

39. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

40. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages for hours worked weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____2/10/23_____

                                                  Respectfully submitted,

                                                  *s/ Elvis J. Adan* _____
                                                  Elvis J. Adan, Esq.
                                                  Fla. Bar No.: 24223
                                                  GALLARDO LAW OFFICE, P.A.
                                                  8492 SW 8th Street
                                                  Miami, Florida 33144
                                                  Telephone: (305) 261-7000